Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ELIEZRIE,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL SERVICE BUREAU, INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.:   2:21-cv-1446<br><br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, NATIONAL SERVICE BUREAU, INC., alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of: 15 U.S.C. §1692, et seq. or the Fair Debt Collection Practices Act ("FDCPA") and California Civil Code §1788, et seq. or the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), which prohibits creditors and/or debt collectors from engaging in abusive, deceptive and unfair practices.  In addition, Plaintiff seeks damages for Defendant's violations of California Business and Professions Code §17200 et seq.

# PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California and is a "consumer" as defined by Cal. Bus. & Prof. Code §17201 and 15 U.S.C. §1692 et seq.

3. Upon information and belief, Defendant National Service Bureau, Inc. ("Defendant NSBI") is a "debt collector" as defined by 15 U.S.C. §1692 et seq. Defendant NSBI is also a "debt collector" and "creditor" as defined pursuant to Cal. Code §1788.2, authorized to do business in the state of California.

# JURISDICTION

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b) and (c), as the Defendant regularly conduct business in this district, as well as 28 U.S.C. §1367.

# FACTUAL ALLEGATIONS

5. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

6. That a personal debt was allegedly incurred by Plaintiff.

7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant NSBI for collection.

8. That according to Plaintiff's credit reports, Defendant NSBI caused adverse credit information to appear on Plaintiff's credit reports for the above-referenced account, namely, that it was a "collection account" with a balance of $575.

9. That the adverse account or negative tradeline(s) being reported by Defendant NSBI was inaccurate.

10. That in or about January 2021, Plaintiff discovered that the Defendant NSBI was reporting the adverse credit information to the credit bureaus regarding the alleged account.

11. That upon discovering the adverse information, Plaintiff immediately contacted the Defendant NSBI to dispute the debt and its credit reporting.

12. That Plaintiff spoke with Defendant NSBI's agent regarding the alleged account.

13. That Defendant NSBI's agent provided conflicting and inaccurate information regarding the history and balance on the alleged account.

14. That the Plaintiff informed Defendant NSBI's agent that he was attempting to collect on an old, disputed account that was closed over 20 years ago.

15. That Defendant NSBI's agent then advised Plaintiff that he would have to send the Defendant NSBI a letter.

16. That the Plaintiff then asked Defendant NSBI's agent to review the account again, given its age and history of disputes.

17. That Defendant NSBI's agent then advised Plaintiff that he could remove the derogatory information off Plaintiff's credit report if he paid $575, but then immediately corrected himself and demanded that the Plaintiff pay $2,875.

18. That the Plaintiff disputed the inaccuracies in the agent's representations.

19. That Defendant NSBI's agent ultimately admitted that in or about 2018, the alleged account was taken out of "collections."

20. That Defendant NSBI's agent refused to explain why the alleged account reappeared on Plaintiff's credit report(s) and refused to provide the Plaintiff with any documentation to support that the alleged debt was valid.

21. That despite Plaintiff's efforts, Defendant NSBI failed to properly and reasonably investigate Plaintiff's disputes and continued to report the account negatively and inaccurately on Plaintiff's credit reports.

22. That Defendant NSBI's representations are false, misleading and deceptive.

23. That upon information and belief, Defendant NSBI was attempting to collect on an invalid debt.
24. That upon information and belief, Defendant NSBI was attempting to collect on an amount that is neither authorized by agreement nor permitted by law.
25. That as a result of Defendant's conduct, Plaintiff suffered damages.
26. That as a result of the foregoing, Plaintiff suffered damages in the form of denial of credit, actual economic, and non-economic damages.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## DEFENDANT NATIONAL SERVICE BUREAU, INC.

27. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
28. That by its acts and practices as hereinabove described, Defendant NSBI willfully and intentionally violated the FDCPA by attempting to collect on an invalid debt, and by providing incomplete and inaccurate information about the account to the Plaintiff as well as to various consumer reporting agencies, in an attempt to collect on said debt.
29. That Defendant NSBI's conduct and communications contained language demonstrating false statements and deceptive misrepresentations in violation of the FDCPA.
30. That Defendant NSBI's conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendant NSBI are harassing, confusing, misleading, deceptive and unfair.
    a.   Defendant NSBI violated 15 U.S.C. §1692d by abusing and harassing the Plaintiff;
    b.   Defendant NSBI violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; by threatening to take any action that cannot be legally be taken; by using false representations; and by using deceptive means to collect the alleged debt;

    c.    Defendant NSBI violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

    d.    Defendant NSBI violated 15 U.S.C. §1692g by failing to verify the alleged debt upon Plaintiff's oral dispute, by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting and mischaracterizing Plaintiff's rights, and by mischaracterizing the status of the account and the alleged amount owed.

31. That Defendant NSBI engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, threatening, confusing, misleading, deceptive and/or unfair, all in an effort to collect on alleged debts.

32. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant NSBI is liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST**
**DEFENDANT NATIONAL SERVICE BUREAU, INC.**

33. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

34. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts. By its acts and practices as hereinabove described, the Defendant NSBI has violated the Rosenthal Act as follows, without limitation:

    i.    Defendant NSBI has violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title; and

    ii.    By the above-referenced violations of the FDCPA, Defendant NSBI has violated §1788.17.

35. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover actual damages sustained as a result of the Defendant NSBI's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

36. In addition, because the Defendant NSBI's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to actual damages, penalties of at least $1,000.00 per violation as provided by the Act.

37. Pursuant to § 1788.30(c) of the Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT NATIONAL SERVICE BUREAU, INC.

38. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

39. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

40. That Defendant, by engaging the acts hereinabove described, has committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

41. That the harm caused by Defendant's conduct outweighs any benefits that Defendant's conduct may have.

42. That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendant's conduct.

43. That the Defendant has been unjustly enriched by committing said acts.

44. That as a result of Defendant's conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, loss of credit, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

45. That as a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.

46. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant in the amount of:

(a) Statutory damages and actual damages provided by statute, including, but not limited to: 15 U.S.C. § 1692k and California Civil Code §1788.30 et seq. in an amount to be determined at the time of trial;

(b) Statutory, actual and punitive damages pursuant to California Civil Code §17200 in an amount to be determined at the time of trial;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, California Civil Code §1788.30, et seq.; common law; and/or the Court's inherent power;

(d) Equitable and injunctive relief;

(e) Restitution; and

(f) For such other and further relief as may be just and proper.

Plaintiff requests trial by jury on all issues so triable.

Dated: February 17, 2021                    AMIR J. GOLDSTEIN, ESQ.

                                             /S/ Amir J. Goldstein
                                            Amir J. Goldstein, Esq.
                                            **Attorney for Plaintiff**
                                            7304 Beverly Blvd., Suite 212
                                            Los Angeles, CA 90036
                                            Tel 323.937.0400
                                            Fax 866.288.9194